UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN GRIFFIN,

                                 Plaintiff,

                                                                                     8:21-CV-282
   v.                                                                             (GLS/DJS)

THOMAS P. DiNAPOLI, *N.Y.S. Comptroller*,

                                 Defendant.
_____

**APPEARANCES:**

KEVIN GRIFFIN
Plaintiff, *Pro Se*
04-A-6249
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint submitted by *pro se* Plaintiff Kevin Griffin, asserting claims pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). Plaintiff also seeks the appointment of counsel. Dkt. No. 4. By separate order, the Court approved Plaintiff's IFP Application.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (explaining that section 1915A applies to

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

Plaintiff's allegations relate to the 2004 denial of disability benefits. Compl. at ¶¶ 26-30. He applied for disability benefits in 2003. *Id.* at ¶ 27. The State Comptroller's Office denied Plaintiff's claim for benefits. *Id.* at Ex. 4. Plaintiff then sought to overturn that determination in New York State court, but was unsuccessful. *Id.* at Exs. 2-3 & 5-6. Plaintiff alleges that the administrative denial of these benefits violated his right to due process. *Id.* at ¶¶ 36-37.

### C. Analysis of the Complaint

A review of the Complaint leads the Court to recommend that it be dismissed. Plaintiff previously commenced an action in this Court asserting the same claims made in the present action. *Griffin v. DiNapoli*, 8:16-CV-914 (N.D.N.Y.) ("*Griffin I*"). Plaintiff also alleged in that case that the 2004 benefit determination was a denial of due process. *See Griffin I*, Dkt. No. 1. Defendant moved to dismiss the complaint in that case as untimely, barred by res judicata, and on the merits. *Griffin I*, Dkt. No. 20-1. The District

Court granted the Motion. Dkt. No. 30. Chief Judge Glenn T. Suddaby first found that because Plaintiff had unsuccessfully litigated his disability benefits claim in state court the federal claim was barred by the doctrine of res judicata. *Id.* at pp. 14-15. Judge Suddaby next found that Plaintiff's claim, filed in 2016, but relating to a 2004 disability denial was untimely under the three year statute of limitations for section 1983 claims. *Id.* at pp. 15-16. Finally, the District Court found that the complaint failed to allege a violation of Plaintiff's federal rights. *Id.* at p. 16. The Court then considered whether Plaintiff should be granted leave to file an amended complaint and concluded that the basis for dismissal was substantive and could not be cured by different or better pleading and that dismissal with leave to amend, therefore, was not warranted. *Id.* at pp. 17-18. Plaintiff appealed the dismissal of the complaint, but the Second Circuit dismissed the appeal "because it lack[ed] an arguable basis either in law or in fact." *Griffin I*, Dkt. No. 37.

"In the instant case, the factual predicates of plaintiff's allegations in the first and second complaints involve the same events . . . [a]ccordingly, the claims in [Plaintiff's] *in forma pauperis* complaint are now barred by res judicata." *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002). Dismissal under section 1915(e), therefore is appropriate. *Id.*; *Bell v. Nassau Interim Fin. Auth.*, 2019 WL 4917892, at *4 (E.D.N.Y. Sept. 30, 2019).

The present Complaint alleges that Plaintiff has newly discovered evidence which he asserts is relevant to his claims. Compl. at ¶¶ 32-33. This allegation does not alter the finding that dismissal is appropriate here. The new evidence Plaintiff cites to is an April 2003 letter from the State Comptroller's Office that Plaintiff claims he received in June 2019. Compl. at ¶¶ 32-33 & Dkt. No.1-2 at Ex. 1. That letter discusses the possibility that Plaintiff could be eligible for performance of duty disability retirement. Dkt. No. 1-2 at Ex. 1. The record demonstrates that Plaintiff applied for this benefit, but his claim was denied at the administrative level. *Id.* at Ex. 4. That determination was affirmed in state court. *Id.* at Ex. 5. Plaintiff offers no further explanation as to why this letter would undercut Judge Suddaby's prior determination. Nor does he explain why he did not commence this action until 2021 when he allegedly received this document in June 2019.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)). Here, however, as noted above, the District Court previously found that different pleading could not cure the basis for dismissal. *Griffin I*, Dkt. No. 30 at pp. 17-18. That conclusion remains applicable here and leave to amend would be futile.

## II. APPOINTMENT OF COUNSEL

Plaintiff also seeks the appointment of *pro bono* counsel. Dkt. No. 4. "In deciding whether to appoint counsel, a court should first determine whether the indigent's position seems likely to be of substance." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995). Given the recommendation that this matter be dismissed, the Court cannot find that Plaintiff's claims are likely to be of substance. Accordingly, the Motion for Appointment of Counsel is denied.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e) & 1915(A); and it is

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 31, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge