**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KEVIN GRIFFIN,**

                           **Plaintiff,**

                               **v.**

**THOMAS P. DiNAPOLI,**

                           **Defendant.**
_____

**8:21-cv-282**
**(GLS/DJS)**

## SUMMARY ORDER

Plaintiff pro se Kevin Griffin commenced this civil rights action against defendant Thomas DiNapoli, the New York State Comptroller, pursuant to 42 U.S.C. § 1983.  (Compl., Dkt. No. 1.)  Griffin's allegations relate to the denial of his request for certain disability benefits in 2004 by the State Comptroller's Office.  (*Id*. ¶¶ 29-30; Dkt. No. 1, Attach. 2 at 10-11.)  Since the denial in 2004, Griffin has commenced multiple state and federal proceedings seeking to overturn the denial, including an action in this District, filed in 2016, which was dismissed by Chief Judge Glenn T. Suddaby.  (Dkt. No. 1, Attach. 2 at 13-21; *see* Dkt. No. 30, 8:16-cv-914.)  Griffin has been unsuccessful in all of his attempts to overturn the denial of his application for disability benefits.  Griffin commenced this action in

March 2021, alleging that the denial of benefits violated his right to due process. (Compl. ¶¶ 36-37.)

On March 31, 2021, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order (R&R), which recommends dismissal of Griffin's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e) & 1915A.  (Dkt. No. 6 at 7.)  For the reasons that follow, the R&R is adopted in its entirety, and the complaint is dismissed.

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.* at *5. "[W]hen an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by

2

those arguments to only a *clear error* review." *Smurphat v. Hobb*, No. 8:19-CV-0804, 2021 WL 129055, at *2 (N.D.N.Y. Jan. 14, 2021) (citations omitted).

Griffin raises numerous arguments against adopting the R&R, many of which are reiterations of the allegations and information provided in the complaint, (*see generally* Dkt. No. 7), which triggers review for clear error. Griffin, however, has objected to one specific element of the R&R — the application of *res judicata*, (*id*. ¶¶ 11-15) — which necessitates de novo review of that objection.

Under de novo review the court "give[s] fresh consideration to those issues to which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte*, 2006 WL 149049, at *5. Griffin objects to the application of *res judicata* on two grounds. (Dkt. No. 7. ¶¶ 11-15.) First, Griffin asserts that the 2016 complaint dismissed by Chief Judge Suddaby and the present complaint filed on March 11, 2021 concern different issues. (*Id*. ¶¶ 11-13.) Second, Griffin asserts that "new evidence" bars the application of *res judicata*. (*Id*. ¶¶ 14-15.)

Griffin's assertion that *res judicata* should not apply because the

3

present claim and the 2016 claim contain different legal theories is without merit. The doctrine of *res judicata* bars a plaintiff from litigating claims that were already raised or could have been raised in a prior action against the same defendant. *See L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir.1999) (internal citation omitted). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Id*. at 88 (internal citation omitted). Both the 2016 claim and the present claim arise from the same denial of disability benefits in 2004. (*Compare* Compl. ¶¶ 26-30, *with* Dkt. No. 1, 8:16-cv-914). Moreover, Griffin has failed to present any legal or factual basis to suggest that the claims are not based on the same "transaction or occurrence." *L-Tec Elecs. Corp.,* 198 F.3d at 88 (internal citation omitted). Griffin's objection to the application of the *res judicata* doctrine on the grounds that there is "new evidence," is without merit for the same reasons articulated in the R&R, namely Griffin's failure to provide an explanation for why the "new evidence" — the 2003 letter from the State Comptroller's Office — would change the outcome of Chief Judge Suddaby's prior determination.

The court has carefully considered the remainder of the R&R, and

4

finds no clear error in Magistrate Judge Stewart's thorough analysis, which squarely addresses Griffin's arguments and provides multiple, appropriate reasons for dismissing Griffin's complaint.  Accordingly, the R&R is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Griffin's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to Griffin in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

November 18, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge